## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4246 | **DATE** | July 31, 3008 |
| **CASE TITLE** | *Davenport v. Astrue* | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, Ms. Davenport's complaint is dismissed for lack of jurisdiction.

■ [ For further details see text below.]

### STATEMENT

    Pro se plaintiff Louise Davenport seeks leave to proceed in forma pauperis. This court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status, and must dismiss a complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Because Ms. Davenport is proceeding pro se, the court has construed her filings liberally.

    Ms. Davenport filed suit against Michael J. Astrue, the Commissioner of Social Security, as well as all of the people who appear to be involved in the administrative proceedings regarding her claim for Disability Insurance Benefits and Supplemental Security Income. Ms. Davenport has two prior federal court cases: *Davenport v. Commissioner*, 03 C 9301, and *Davenport v. Commissioner*, 07 C 1888. No. 03 C 9301 was assigned to Judge Lefkow, who remanded the Commissioner's decision for further administrative proceedings. No. 07 C 1888 was assigned to Judge Kennelly and sought the issuance of a writ of mandamus pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1361. In that case, Ms. Davenport asked the court to order the Commissioner to schedule an administrative hearing on remand, to provide a different administrative law judge, and to withdraw its orders requiring consultative examinations. On August 23, 2007, Judge Kennelly dismissed Ms. Davenport's complaint based on lack of jurisdiction, finding that mandamus was not an appropriate vehicle for review of social security decisions. *See Davenport v. Commissioner*, 07 C 1888, Docket No. 22.

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

**STATEMENT**

Ms. Davenport contends that administrative review proceedings are currently pending. She appears to be arguing that she has not received a favorable decision yet because "ID thieves" and "property thieves" have conspired with various employees at the Social Security Administration to delay the processing of her claims, caused the ALJ hearing her claims to be biased against her, and led to her arrest by City of Chicago police officers. Although the "ID thieves" have allegedly taken all of her assets, tried to control her life, forced her to enter into relationships with men of their choice, and even controlled what she wears, "for the purposes of this complaint, the focus is their influence in the processing of my disability claims." Complaint at 2.

This court may only review a final decision rendered by the Commissioner that is timely appealed. *Califano v. Sanders*, 430 U.S. 99, 108 (1977); 42 U.S.C. § 405(g). Ms. Davenport asserts that the administrative proceedings are unfair and procedurally improper, and that she is entitled to benefits now. Ms. Davenport, however, does not appear to have received a final decision from the Commissioner. She must have a final decision before she can file a federal court action attacking any of the process afforded in the administrative proceedings or challenge the denial of benefits. Accordingly, while the court appreciates that Ms. Davenport is dissatisfied with the administrative review proceedings to date, unless and until she pursues all of her available administrative remedies and obtains a final decision, she cannot pursue a federal court action. Thus, her complaint is dismissed for lack of jurisdiction and all pending motions are stricken.